IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

LLOYD HAROLD JONES,

      Petitioner,

      v.

TRACY JOHNS,

      Respondent.

CIVIL ACTION NO.: 5:19-cv-61

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Lloyd Jones ("Jones"), who was formerly incarcerated at D. Ray James Correctional Facility in Folkston, Georgia, filed a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus.  Doc. 1.  Respondent filed a Motion to Dismiss, and Jones filed a Response.  Docs. 6, 8.  For the reasons which follow, I **RECOMMEND** the Court **DENY as moot** Respondent's Motion to Dismiss and Jones's Petition.  I further **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Jones leave to appeal *in forma pauperis*.

### BACKGROUND

Jones was convicted in the Eastern District of Pennsylvania on June 27, 2018 of bank fraud, in violation of 18 U.S.C. § 1344, and was sentenced to 12 months' imprisonment.  Doc. 1 at 1; Doc. 6-1 at 8.  He was released from federal custody on October 11, 2019, which was also his projected release date.  https://www.bop.gov/inmateloc/, search for "Lloyd Harold Jones," Register Number 16639-032, last accessed Nov. 14, 2019; Doc. 6-1 at 7.

As a result of disciplinary hearing proceedings based on possession of a USB wall charger, Jones was charged with a Code 108 violation and sanctioned with the loss of 24 days' good conduct time, 60 days' disciplinary segregation, and loss of visitation, commissary, and telephone privileges for 6 months.  Doc. 6-1 at 13.

## DISCUSSION

In his Petition, Jones asserts his due process rights were violated because a non-Bureau of Prisons' ("BOP") employee lodged sanctions against him.  Doc. 1 at 6.  As relief, Jones asks the Court to reverse and expunge the sanctions and restore his lost good conduct time.  Id. at 8.

Respondent avers Jones received all procedural and substantive due process protections to which he was entitled during the disciplinary hearing proceedings.  Doc. 6 at 3–6.  In addition, Respondent contends the disciplinary hearing officer's ("DHO") finding of guilt is supported by some evidence, and the BOP has the authority to permit contractors to conduct disciplinary proceedings.  Id. at 6–9.

**I.    Whether Jones's Petition is Moot**

Article III of the Constitution "extends the jurisdiction of federal courts to only 'Cases' and 'Controversies.'"  Strickland v. Alexander, 772 F.3d 876, 882 (11th Cir. 2014).  This "case-or-controversy restriction imposes" what is "generally referred to as 'justiciability' limitations."  Id.  There are "three strands of justiciability doctrine—standing, ripeness, and mootness—that go to the heart of the Article III case or controversy requirement."  Harrell v. The Fla. Bar, 608 F.3d 1241, 1247 (11th Cir. 2010) (internal quotation marks and alterations omitted).  Regarding the mootness strand, the United States Supreme Court has made clear that "a federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'"  Church of

2

Scientology of Cal. v. United States, 506 U.S. 9, 12 (1992) (internal citation omitted). Accordingly, "[a]n issue is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." Friends of Everglades v. S. Fla. Water Mgmt. Dist., 570 F.3d 1210, 1216 (11th Cir. 2009) (internal quotation marks omitted). Questions of justiciability are not answered "simply by looking to the state of affairs at the time the suit was filed. Rather, the Supreme Court has made clear that the controversy 'must be extant at all stages of review, not merely at the time the complaint is filed.'" Christian Coal. of Fla., Inc. v. United States, 662 F.3d 1182, 1189–90 (11th Cir. 2011) (quoting Preiser v. Newkirk, 422 U.S. 395, 401 (1975)). "Events which occur subsequent to the filing of a petition may render the matter moot." Johnson v. Glover, No. 1:04-CV-413, 2006 WL 1008986, at *1 (M.D. Ala. Apr. 18, 2006) (citing Nat'l Black Police Ass'n v. District of Columbia, 108 F.3d 346, 350 (D.C. Cir. 1997)). A "'mootness issue quite clearly can be raised *sua sponte*. . . .'" Id. (quoting Medberry v. Crosby, 351 F.3d 1049, 1054 n.3 (11th Cir. 2003), in turn quoting Sannon v. United States, 631 F.2d 1247, 1250 (5th Cir. 1980))).

Here, Jones requests the reinstatement of lost good-conduct time and the expungement of his record. Doc. 1. However, Jones was released from federal custody during the pendency of this Petition, and the Court raises the issue of the mootness of Jones's Petition (and, consequently, Respondent's Motion to Dismiss) *sua sponte*. There is no longer a "live controversy" over which the Court can give meaningful relief. Friends of Everglades, 570 F.3d at 1216. Accordingly, the Court should **DENY as moot** Respondent's Motion to Dismiss and Jones's Petition for Writ of Habeas Corpus.

## II.  Leave to Appeal *in Forma Pauperis*

The Court should also deny Jones leave to appeal *in forma pauperis*. Though Jones has not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of the filings in this case, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Jones *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **DENY as moot** Respondent's Motion to Dismiss and Jones's Petition. I further **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Jones leave to appeal *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered.  Any objections asserting that the undersigned failed to address any contention raised in the pleading must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions herein.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein.  Objections not meeting the specificity requirement set out above will not be considered by the District Judge.  The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Jones at his last known address and Respondent.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 14th day of November, 2019.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA